UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT BRANUM | CIVIL ACTION NO. |
| VERSUS | DISTRICT JUDGE: |
| BRINKER INTERNATIONAL, D/B/A CHILI'S RESTAURANT, JOHN DOE | MAGISTRATE JUDGE: |

******************************************************************************

## NOTICE OF REMOVAL

Defendant, Brinker Louisiana Inc., (hereinafter "Defendant") hereby removes the action captioned "*Robert Branum v. Brinker Louisiana, Inc.*" bearing docket number 2023-10897, Section "A", on the docket of the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of this notice of removal, Defendant pleads the following grounds:

I.

On February 15, 2023, this civil action was filed by Plaintiff, Robert Branum ("Plaintiff"), in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, bearing docket number 2023-10897, Section "A" and captioned "*Robert Branum v. Brinker Louisiana, Inc.*" (Petition). *See* Declaration of Counsel, attached hereto as **Exhibit A** and Petition for Damages, attached hereto as **Exhibit B**.

II.

On information and belief, Plaintiff was at the time of the filing of this action, and still is, a resident, domiciliary, and citizen of the State of Louisiana.

III.

Brinker Louisiana, Inc., is a Virginia corporation whose principal place of business is in Dallas, Texas. As such, Brinker is a citizen of the States of Virginia and Texas.

IV.

The Petition and Citation were served on Brinker Louisiana, Inc. on March 8, 2023.

V.

Plaintiff also named a fictitious defendant, John Doe, in his Petition, with no mention of his alleged citizenship. However, it is well established that the citizenship of a fictitious defendant is disregarded for purposes of determining diversity jurisdiction.[1]

VI.

In Plaintiff's Petition, it is alleged that on February 21, 2022, Plaintiff was a patron at Chili's Bar & Grill restaurant in Mandeville, Louisiana, when he slipped in the restroom. *See* **Exhibit B**, Petition for Damages, ¶ 3. Plaintiff claims generally that he is entitled to recover damages for injuries incurred as a result of this incident and alleges that his damages were caused by the negligence of Brinker Louisiana, Inc. *See generally,* **Exhibit B**, Petition for Damages.

VII.

On the face of the Petition, Plaintiff does not specify the nature or extent of his alleged injuries, or the treatment necessitated by same, and thus does not establish the requisite amount in controversy. Specifically, in the Petition, Plaintiff generally alleges that as a result of the incident, he has incurred "substantial physical pain and suffering, physical injury, mental anguish, emotional distress, and lost wages in the past and will incur future physical pain and suffering, mental anguish, emotional distress and lost wages, all in an amount in excess of the minimal jurisdictional limits of this Court." *See* **Exhibit B**, Petition for Damages, ¶ 11.

---

[1] *See* 28 U.S.C. § 1441(b)(1). For instance, in *Lewis v. Valero Refining-New Orleans*, the plaintiff named several fictitious defendants – including a John Doe – in connection with a suit for personal injuries resulting from chemical inhalation. Judge Carl Barbier of this Honorable Court found that the "statutory directive [in 28 U.S.C. § 1441(b)(1)] to disregard the citizenship of defendants under fictitious names is unambiguous." Accordingly, Judge Barbier disregarded the citizenship of John Doe and the other fictitious defendants for purposes of evaluating whether complete diversity existed at the time of removal. *See Lewis v. Valero Ref.-New Orleans*, No. CV 16-16590, 2017 WL 955684 (E.D. La. Mar. 13, 2017).

VIII.

On April 5, 2023, the undersigned counsel received medical records from Plaintiff's counsel via email. *See* **Exhibit A**, Declaration of Counsel; *see also* **Exhibit C**, 4/5/23 Email Correspondence. In the medical records, it is apparent that Plaintiff is alleging injury to his neck and low back as a result of this incident. Specifically, Plaintiff underwent lumbar and cervical MRIs (4/5/22 and 5/20/22, respectively) and has been recommended injections including a cervical epidural steroid injection and a bilateral transforaminal epidural steroid injection (7/14/22). *See* **Exhibit D**, Medical Records, *en globo* at p. 5. Plaintiff's medical records also indicate that he is a candidate for either a laminectomy or cervical discectomy and fusion as well as a lumbar fusion (7/14/22). *See* **Exhibit D**, Medical Records, *en globo* at p. 5.

IX.

Quantum research reveals that actions involving the injuries and treatment alleged, including recommended epidural steroid injections, transforaminal epidural steroid injections, radiofrequency ablation, laminectomy or cervical discectomy and fusion, and a lumbar fusion, place the amount in controversy in excess of $75,000. *See* **Exhibit B**, Declaration of Counsel. Further, the addition of indeterminate wage loss places the amount in controversy above $75,000 and warrants the exercise of federal jurisdiction.

X.

This is a civil action within the original jurisdiction of this Court under the provisions of 28 U.S.C. § 1332 and § 1367(a) and is thus removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, et seq., because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

XI.

In compliance with the requirements of 28 U.S.C. § 1446(b)(3), this notice of removal is filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of . . . other paper from which it may first be ascertained that the case is one which is or has become removable."

XII.

The law is clear that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

XIII.

In the instant matter, federal jurisdiction was not "unequivocally clear and certain" until receipt of medical bills evidencing recommended injections and surgeries and an indeterminate amount of past wage losses by the undersigned on April 5, 2023.

XIV.

As such, this matter is appropriately before the court under diversity jurisdiction because it is between citizens of different states, with an amount in controversy that exceeds $75,000, and filed within thirty days of receipt of other paper from which the undersigned was first able to ascertain the applicability of the court's jurisdiction.

XV.

In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Brinker is attached hereto. *See* **Exhibit B**, Petition for Damages. Further, all contents of the record in state court to date have been requested from the Clerk of Court of the 22nd Judicial District Court for the Parish of St. Tammany and will be filed in the record of this Honorable Court promptly upon receipt.

XVI.

In compliance with 28 U.S.C. §1446 (d), Defendant hereby certifies that notice of removal is being served to all adverse parties, and to the Clerk of Court of the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

**WHEREFORE**, Defendant, Brinker Louisiana, Inc., prays that this cause be removed from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to this Honorable Court, to proceed thereafter in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

/s/ Alexandra E. Celio
Benjamin R. Grau (Bar No. 26307)
Megan S. Peterson (Bar No. 34026)
Alexandra E. Celio (Bar No. 38695)
SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
Telephone:   (504) 569-2030
Facsimile:    (504) 569-2999
E-Mail:        beng@spsr-law.com
                   meganp@spsr-law.com
                   alexandrac@spsr-law.com
**Attorneys for Defendant, Brinker Louisiana, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was this day filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or through facsimile or U.S. Mail, postage paid.

This 4th day of May, 2023.

/s/ Alexandra E. Celio

01227555-1

6