UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT BRANUM | CIVIL ACTION |
| VERSUS | NO. 23-1512 |
| BRINKERS INTERNATIONAL, D/B/A CHILI'S RESTAURANT, JOHN DOE | SECTION "R" |

**ORDER AND REASONS**

Before the Court is Defendant Brinker Louisiana, Inc.'s ("Brinker") unopposed motion for partial summary judgment on plaintiff Robert Branum's past lost wages and future loss of earning capacity claims.[1] For the following reasons, the Court grants the motion.

**I.    BACKGROUND**

This case arises out of a slip and fall in a Chili's Restaurant in 2022.[2] Plaintiff Robert Branum alleges he entered the restroom of the Chili's around 30 minutes after the restaurant opened and slipped and fell on the floor because the floor was unusually slippery.[3] He filed suit to recover for damages, including past lost wages and future loss of earning capacity.[4]

---

1   R. Doc. 22.
2   R. Doc. 22-4 at 1.
3   R. Doc. 23-1 at 3–5, 9.
4   R. Doc. 1-2 at 3.

Defendant moves for summary judgment on these damages, asserting that plaintiff lacks sufficient evidence to support his claims.[5] Plaintiff did not file an opposition. The Court considers the motion below.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for

---

5    R. Doc. 22-4 at 1.

summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075 (noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)). "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

### III. DISCUSSION

#### A. Past Lost Wages

Plaintiff's claim for past lost wages fails for lack of support in the record. "To recover for actual wage loss, a plaintiff must prove that he would have been earning wages but for the accident in question." *Boyette v. United Servs. Auto. Assoc.*, 783 So.2d 1276, 1279 (La. 2001). "[I]t is the plaintiff's burden to prove past lost earnings and the length of time missed from work due to the accident." *Id.*

Although "such proof may consist only of the plaintiff's own testimony," *Rhodes v. State ex rel. DOT & Dev.*, 684 So.2d 1134, 1147 (La. App. 1 Cir. 1996), courts often find there is no factual basis for the award when there is only the plaintiff's testimony and no "extrinsic evidence, expert testimony, or medical evidence" tying the accident to the diminished wages. *See Woods v. Hall*, 194 So. 3d 689, 694–95 (La. App. 1 Cir. 2016). Cases that rely on the plaintiff's own testimony usually also base their decisions on an accompanying medical opinion or documentary evidence. *See Rhodes*, 684 So.2d at 1147 (finding that the plaintiff could recover where a doctor told her

4

to take off three weeks after surgery); *Davis v. Foremost Dairies*, 58 So. 3d 977, 989 (La. App. 2 Cir. 2011) (finding that plaintiff's work history corroborated their claim testimony); *Sarhan v. Florists Mut. Ins. Co.*, 2009 WL 1331456 (La. App. 1 Cir. 2009) (finding an acceptable claim when plaintiff presented testimony that she was out of work for surgery, as well as income tax returns and wage loss verification). Testimony that is not sufficiently specific or detailed cannot establish a proper claim on its own. *Hicks v. Barney*, 526 So.2d 391, 392 (La. App. 4 Cir. 1988) (finding testimony that did not adequately establish a job offer or the amount the job would pay as an unacceptable basis for an award); *McDonough v. Royal Sonesta*, 626 So.2d 438, 440 (La. App. 4 Cir. 1993) (finding no basis for a recovery where the only evidence was plaintiff's testimony and a list of potential clients).

     Here, plaintiff states that he had physical problems following the incident,[6] that he was reassigned to office duties because he was unable to physically function as well he had in his previous role.[7] Plaintiff also states there were times when he had to miss work and overtime opportunities.[8] He additionally asserts that his doctor told him to avoid lifting anything heavy

---

| | |
|---|---|
| 6 | R. Doc. 22-1 at 4. |
| 7 | *Id.* at 7. |
| 8 | *Id.* |

or doing anything that would cause pain.[9] Although plaintiff contends that he has been unable to do any carpentry work since the accident,[10] he submits no documents that support this contention.[11] Beyond plaintiff's own testimony, there is no evidence that plaintiff actually lost any wages. Even from his recounting, when he was physically unable to perform a function, he did not lose work but had to work in the office.[12] Aside from plaintiff's cursory statement that "there were times that I had to miss work,"[13] nothing else in the record supports a claim for lost wages. Importantly, plaintiff's medical reports do not indicate that he was unable to work because of his injuries.[14] His physician recommended physical therapy and steroid shots for neck pain and lower back pain, but he did not recommend abstaining from work for a given period of time.[15] Given the plaintiff's own assertions, the lack of specificity in his claims, and the absence of medical or other evidence to indicate he could not work, the Court finds that there is insufficient evidence to raise an issue of material fact that plaintiff suffered

---

[9]   *Id.* at 8.
[10]  R. Doc. 22-2 at 2.
[11]  *Id.* at 4.
[12]  *See* R. Doc. 22-1 at 7.
[13]  *Id.*
[14]  R. Doc. 1-4.
[15]  *Id.* at 5.

lost wages as a result of his accident. The Court grants summary judgment as to this claim.

### B. Future Loss of Earning Capacity

Plaintiff need not present vocational and economic expert testimony to establish a claim for future loss of wages. *Barocco v. Ennis Inc.*, 100 F. App'x 965, 968 (5th Cir. 2004) ("The Louisiana Supreme Court has permitted awards for loss of future earning capacity both with and without the testimony of vocational and economic experts."). But "a claimant must present medical evidence which at least indicates there could be a residual disability causally related to the accident." *Bize v. Boyer*, 408 So. 2d 1309, 1312 (La. 1982). Plaintiff's and other lay testimony "simply serve[] to complement and corroborate the medical evidence." *Id.*

Here, plaintiff asserts a claim for future loss of earning capacity,[16] but presents no medical evidence that shows he has a residual disability related to the accident.[17] Here, the medical evidence merely shows that plaintiff suffered pain.[18] Importantly, when asked to "produce all medical rehabilitative records or documents relating in any way to the plaintiff['s]

---

16   R. Doc. 1-2 at 3.
17   *See supra* note 15 and accompanying text.
18   *See* R. Doc. 1-5 at 4–6.

. . . ability to perform various tasks," plaintiff said there were none.[19] There is no medical evidence that indicates that plaintiff's pain caused a residual disability that impacts plaintiff's ability to work.  In a similar case, the Louisiana Supreme Court reversed an award of future lost earnings because there was simply evidence of discomfort and not of residual disability.  *Bize*, 408 So. 2d at 1312.  Because plaintiff lacks requisite medical evidence to support his own testimony, the Court grants summary judgment as to plaintiff's future loss of earning capacity claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for partial summary judgment on plaintiff's past lost wages and future loss of earning capacity claims.  These claims are dismissed.

New Orleans, Louisiana, this __12th__ day of November, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[19]   R. Doc. 22-2 at 4–5.