UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT BRANUM | CIVIL ACTION |
| VERSUS | NO. 23-1512 |
| BRINKERS INTERNATIONAL, D/B/A CHILI'S RESTAURANT, JOHN DOE | SECTION "R" |

### ORDER AND REASONS

Defendant Brinker Louisiana's (Brinker) moves for summary judgment[1] on plaintiff Robert Branum's slip and fall claim. Because plaintiff submitted evidence sufficient to create a triable issue of fact as to defendant's negligence, the Court denies the motion opposes.

### I.   BACKGROUND

Plaintiff Robert Branum sued Brinker for damages resulting from a slip and fall at a Chili's Restaurant in 2022. Brinker moves for summary judgment arguing that plaintiff cannot demonstrate the existence of an unreasonably dangerous condition or demonstrate that defendant created or

---

[1]   R. Doc. 23.

1

knew of any hazard in the men's restroom.[2] The Court considers the motion below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216

---

[2] R. Doc. 23 at 1.

(5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075 (noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)). "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the

3

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

### III.   DISCUSSION

Louisiana statutory law governs the "[b]urden of proof in claims against merchants" when a plaintiff alleges that the merchant's negligence caused the plaintiff to be injured in a fall on the merchant's premises. *See* La. R.S. § 9:2800.6. The governing statute, Louisiana's Merchant Liability Statute, requires a plaintiff to prove the following elements to recover against a merchant for damages for a slip and fall:

1. There was a condition on the premises that presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
3. The merchant failed to exercise reasonable care.

La. Stat. Ann. § 9:2800.6(B)(1)–(3); *see also White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997). As the U.S. Fifth Circuit has observed, this "statute 'places a heavy burden of proof on plaintiffs' in slip and fall cases,"

which cannot be met by "[m]ere speculation or suggestion." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (first quoting *Jones v. Brookshire Grocery Co.*, 847 So. 2d 43, 48 (La. App. 2 Cir. 2003); and then quoting *Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898 (La. App. 2 Cir. 2003)).

### A. Unreasonable Risk of Harm

Defendant first argues that plaintiff fails to demonstrate an unreasonable risk of harm because plaintiff did not identify any liquid on the floor before or after plaintiff's fall.[3] Indeed, courts have held that the plaintiff did not demonstrate a genuine issue of material fact when they did nothing more than allege that the floor contained a slippery surface. *See Burnett v. Lucky Nails, LLC*, 2015 WL 3613089, at *3 (La. App. 1st Cir. 2015) (granting summary judgment where plaintiff did not know what made the floor slippery and speculated that it was the cleaning supplies). But here, plaintiff provides evidence, not merely a speculative theory, that the floor in the restroom where he fell had just been mopped and was slippery. He testified that the restaurant manager informed him that the janitor had just cleaned

---

3     R. Doc. 23-5 at 5.

the restroom and put cleaner down when he mopped.[4] He further testified that the manager himself slipped in the restroom as he was trying to demonstrate that the floor was not slippery.[5] Moreover, he attested that the manager left a wet floor sign in the bathroom after he almost fell.[6] Although the manager disputes plaintiff's account and testified that the floor was not freshly mopped,[7] plaintiff's evidence is sufficient to create a triable issue of fact on the presence of a condition creating an unreasonable risk of harm. *See Pena v. Delchamps, Inc.*, 960 So. 2d 988, 991 (La. App. 1st Cir. 2007), *writ denied*, 959 So. 2d 498 (La. 2007) ("In the context of slip-and-fall cases, a hazard is shown to exist when the fall results from an unreasonably slippery condition."); *see also Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (holding that the court cannot make credibility evaluations when determining if an issue of material fact exists).

**B. Constructive Notice**

---

[4]   R. Doc. 40-4 at 4.
[5]   *Id.*
[6]   R. Doc. 23-1 at 8; R. Doc. 40-3 at 1.
[7]   R. Doc. 23-2 at 11.

Defendant also argues that plaintiff cannot establish that defendant had actual or constructive notice of the hazardous conditions. But under the statute, a plaintiff must demonstrate that the "merchant either **created *or* had actual or constructive notice** of the condition which caused the damage." La. Stat. Ann. § 9:2800.6(B)(2) (emphasis added). Here, plaintiff submits evidence that defendant **created** the condition that caused his injury, and the Court therefore need not analyze actual or constructive notice. *See Davis v. Cheema, Inc.*, 171 So. 3d 984, 993 (La. App. 4 Cir. 2015) ("The Merchant Liability Statute's notice requirement need not be proved if the claimant first establishes that the merchant created the injury-causing condition."). The Court has found that plaintiff submitted evidence creating a genuine issue of material fact as to whether an employee mopped the floor with cleaning solution causing a slippery condition. Defendant's lack of notice argument therefore fails.

### C. Reasonable Care

Lastly, Brinker argues that plaintiff cannot show that it failed to exercise reasonable care. La. Stat. Ann. § 9:2800.6(B)(3). The Court finds that there remains a genuine dispute of material fact as to whether the restaurant exercised reasonable care in maintaining the restroom.

To exercise reasonable care in this context, a merchant must undertake "reasonable protective measures . . . to [e]nsure that the premises are kept free from substances that might cause a customer to fall." *Jackson v. Delchamps, Inc.*, 691 So. 2d 332, 335 (La. App. 1 Cir. 3/27/97), *writ denied*, 695 So. 2d 977 (La. 2097). The reasonableness, *vel non*, of a merchant's "protective measures in a particular business . . . must be determined in light of the circumstances of the case," including the risk involved and the facts surrounding the business, such as its layout, business volume, and time of day. *Millet v. Moran Foods, LLC*, 384 So. 3d 1074, 1077 (La. App. 5 Cir. 2024) (citing *Bertaut v. Corral Gulfsouth, Inc.*, 16-93 (La. App. 5 Cir. 12/21/16), 209 So. 3d 352, 357). Louisiana's Merchant Liability Statute states that "the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care." But failing to follow implemented procedures can be helpful in deducing if a merchant failed to exercise reasonable care. *See Landry v. Leson Chevrolet Co., Inc.*, 250 So. 3d 360, 369–70 (La. App. 5 Cir. 2018) (holding that there was a genuine issue of material fact on whether the company acted with reasonable care because it could not be determined if its rainy day procedures were adequately implemented); *Peoples v. Fred's Stores of Tennessee, Inc.*, 38 So. 3d 1209, 1223 (La. App. 3 Cir. 2010), *writ denied*,

8

2010-1882 (La. 2010), 48 So. 3d 1090 (concluding that plaintiffs proved that defendants failed to exercise reasonable care by violating its own policies and the industry-wide standards); *Blackman v. Brookshire Grocery Co.*, 966 So. 2d 1185, 1190 (La. App. 3 Cir. 2007) ("[W]hether a merchant has a safety policy, whether that policy specifically provides how often employees are to inspect for unsafe conditions, and whether any such policy was violated are certainly relevant questions, the answers of which significantly aid a trial court in determining whether a merchant failed to exercise reasonable care.").

Here, plaintiff submits evidence that restaurant's procedures regarding the mopping of and placement of signage in the bathroom were not properly followed.[8]  Specifically, plaintiff points to evidence that defendant did not follow its cleaning procedures that were to ensure the floor was dry and required proper placement of wet floor signage.[9]  Plaintiff cites testimony by the restaurant's manager that a cleaning solution is not to be used near the bathroom, and instead the cleaning crew is to use hot water.[10] But the night cleaner on duty the day of the incident testified that the crew was always told that they were to use a sufficient amount of cleaning solution

---

8   *Compare* R. Doc. 23-5 at 10–11, *with* R. Doc. 41-1 at 7–8.
9   R. Doc. 41-1 at 8.
10  R. Doc. 40-5 at 18–19.

9

to mop the floor, and the solution was a mix of chemicals and water.[11] Plaintiff testified that the manager told him in the moment after he slipped that an employee had just mopped with Clorox bleach.[12] Further, the manager testified that the cleaning crew is supposed to make sure the floor is dry before they leave the area after mopping. The night cleaner testified that when the floor is wet, they are to dry mop the wet surface until it dries,[13] and the manager testified that the employees were supposed to leave a wet floor sign for thirty minutes to an hour after mopping.[14] Nevertheless, plaintiff testified that when the manager told him right after the incident that an employee had just mopped,[15] there was no wet floor sign in the restroom.[16] Plaintiff testified that the manager brought in and placed a sign in the bathroom after the incident,[17] suggesting that there should have been one there.

Although there are certainly conflicts in the testimony, plaintiff has submitted sufficient evidence to raise a material issue of fact regarding whether Chili's did not have reasonable protective measures in place to keep

---

[11]  R. Doc. 40-7 at 3, 6.
[12]  R. Doc. 40-4 at 4.
[13]  R. Doc. 40-7 at 5.
[14]  R. Doc. 40-5 at 4.
[15]  R. Doc. 40-4 at 4.
[16]  R. Doc. 23-1 at 6.
[17]  *Id.* at 8.

the bathroom floor free from slippery substances that could cause a customer to fall. The Court therefore denies summary judgment on the reasonable care issue.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for summary judgment.

New Orleans, Louisiana, this __14th__ day of November, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE